1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia L. Spears; and Suzanne Ross, | No. CV-08-01918-PHX-LOA |
| Plaintiffs, | **ORDER TO SHOW CAUSE** |
| vs. | |
| Scott H. Sacharow, | |
| Defendant. | |

This matter arises on the Court's review of the file.  Plaintiffs filed their Complaint on October 20, 2008.  (docket #1)   On October 27, 2008, the Court issued a Notice of Assignment and Order giving Plaintiffs until November 5, 2008 within which to file their consents to the exercise of jurisdiction by a United States magistrate judge or elect to proceed before a United States district judge.  (docket #5)   As of this date, Plaintiffs have failed to file their written elections to either consent to magistrate judge jurisdiction or elect to proceed before a United States district judge.

The Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq*., mandates the early and on-going judicial management of the pretrial process. Under the CJRA mandate, "[f]ederal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner."  See, *Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 423 (D. Del.1992).  Additionally, federal judges "are subject to the injunction of Rule 1 [Federal Rules of Civil Procedure] that [the Rules] 'be construed to secure the

just, *speedy* and inexpensive determination of every action.' " *Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979) (emphasis added). Plaintiffs' failure to timely comply with the Court's prior order is frustrating the speedy and inexpensive resolution of this case.

Absent the express consent of all the parties, a United States magistrate judge does not have the statutory or constitutional authority to try a civil case to judgment or rule upon a dispositive motion. 28 U.S.C. §636(b)(1)(A). The Magistrates Act, however, permits magistrate judges to conduct all proceedings in civil cases if the parties expressly consent: "Upon consent of the parties, a . . . United States magistrate judge . . . may conduct any or all proceedings in a jury or non-jury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." *Hanson v. Mahoney*, 433 F.3d. 1107, 1111 (9th Cir. 2006) (citing 28 U.S.C. § 636(c)(1));  *Gomez v. United States*, 490 U.S. 858, 865-872 (1989) (outlining the evolution of the Act). No precise written form is required to consent to a magistrate judge or to elect an assignment of a civil case to a district judge. *Kofoed v. IBEW, Local 48*, 237 F.3d 1001, 1004 (9th Cir.2001); Fed. R. Civ. 73(b), Advisory Committee note. The Clerk, however, electronically provided Plaintiffs' counsel with an appropriate consent/election form on October 21, 2008.[1]

Any party is free to withhold consent to magistrate judge jurisdiction and elect to proceed before a district judge without adverse consequences. 28 U.S.C. 636(c)(2); Rule 73(b), Fed.R.Civ.P.; *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 914 (9th Cir.2003) (pointing out that consent is the "touchstone of magistrate judge jurisdiction" under 28 U.S.C. § 636(c)).

---

[1] One may also find the consent/election form on the District's web site, click on "Local Rules" at the top of the page, then click on "Forms" on the left side of the page and then click on and print the appropriate form. Consent/election forms are not to be e-filed; rather, they are to be filed in paper form with the Clerk's Office. ECF Policies and Procedure Manual, II, ¶ M at p.19.

1   Pursuant to *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (trial courts have the inherent power to control their dockets and in the exercise of that power, they may impose or recommend sanctions including, where appropriate, dismissal of a case without prejudice) and the Court's inherent authority,

**IT IS ORDERED** that Plaintiffs show cause in writing on or before **Friday, November 21, 2008** why Plaintiffs and/or their counsel should not be sanctioned pursuant to Title 18 U.S.C. § 401, 28 U.S.C. § 636(e) and/or the Court's inherent authority for failing to comply with the Court's prior order. If Plaintiffs comply with the Court's October 27, 2008 Order **on or before 5:00 p.m. on Friday**, **November 21, 2008** or if Plaintiffs have already done so but its consent or election has not yet been docketed by the Clerk, the undersigned will automatically discharge and vacate this OSC without imposing any sanctions.

DATED this 6th day of November, 2008.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge