**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia L. Spears and Suzanne Ross, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> Scott H. Sacharow, ) <br> ) <br> Defendant. ) <br> ) | No. CV-08-01918-PHX-LOA <br><br> **ORDER TO SHOW CAUSE** |

This matter arises on the Court's review of the file. Plaintiffs filed their Complaint on October 20, 2008, docket #1, and First Amended Complaint on December 1, 2008. (docket #12).   Plaintiffs consented to the exercise of jurisdiction by a United States magistrate judge on November 10, 2008. (docket # 8)   On November 21, 2008, the Court issued a Notice of Assignment and Order giving Defendant Scott H. Sacharow until December 5, 2008 within which to file his consent to the exercise of jurisdiction by a United States magistrate judge or elect to proceed before a United States district judge. (docket # 11)   As of this date, Defendant Scott H. Sacharow has failed to file his written election to either consent to magistrate judge jurisdiction nor elect to proceed before a United States district judge.

The Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*, mandates the early and on-going judicial management of the pretrial process. Under the CJRA mandate, "[f]ederal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive

1 manner." See, *Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142
2 F.R.D. 420, 423 (D. Del.1992).  Additionally, federal judges "are subject to the injunction
3 of Rule 1 [Federal Rules of Civil Procedure] that [the Rules] 'be construed to secure the
4 just, *speedy* and inexpensive determination of every action.' " *Herbert v. Lando*, 441 U.S.
5 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979) (emphasis added). Defendant's
6 failure to timely comply with the Court's prior order is frustrating the speedy and
7 inexpensive resolution of this case.

8 Absent the express consent of all the parties, a United States magistrate judge
9 does not have the statutory or constitutional authority to try a civil case to judgment or
10 rule upon a dispositive motion. 28 U.S.C. §636(b)(1)(A). The Magistrates Act, however,
11 permits magistrate judges to conduct all proceedings in civil cases if the parties expressly
12 consent: "Upon consent of the parties, a . . . United States magistrate judge . . . may
13 conduct any or all proceedings in a jury or non-jury civil matter and order the entry of
14 judgment in the case, when specially designated to exercise such jurisdiction by the
15 district court or courts he serves." *Hanson v. Mahoney*, 433 F.3d. 1107, 1111 (9th Cir.
16 2006) (citing 28 U.S.C. § 636(c)(1));  *Gomez v. United States*, 490 U.S. 858, 865-872
17 (1989) (outlining the evolution of the Act). No precise written form is required to consent
18 to a magistrate judge or to elect an assignment of a civil case to a district judge. *Kofoed v.*
19 *IBEW, Local 48*, 237 F.3d 1001, 1004 (9th Cir.2001); Fed. R. Civ. 73(b), Advisory
20 Committee note.

21 Defendant Scott H. Sacharow filed a Motion to Dismiss on November 13, 2008
22 (docket #10) and another Motion to Dismiss First Amended Complaint on December 15,
23 2008.  (docket #14)

24 Any party is free to withhold consent to magistrate judge jurisdiction and elect
25 to proceed before a district judge without adverse consequences. 28 U.S.C. 636(c)(2);
26 Rule 73(b), Fed.R.Civ.P.; *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 914 (9th
27 Cir.2003) (pointing out that consent is the "touchstone of magistrate judge jurisdiction"
28 under 28 U.S.C. § 636(c)).

1    Pursuant to *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (trial
2  courts have the inherent power to control their dockets and in the exercise of that power,
3  they may impose or recommend sanctions.
4    Accordingly,
5    **IT IS ORDERED** that Defendant Scott H. Sacharow show cause in writing on
6  or before **Wednesday, January 7, 2009** why Defendant should not be sanctioned
7  pursuant to Title 18 U.S.C. § 401, 28 U.S.C. § 636(e) and/or the Court's inherent
8  authority for failing to comply with the Court's prior order.  If Defendant complies with
9  the Court's November 21, 2008 Order **on or before 5:00 p.m. on Wednesday, January**
10 **7, 2009** or if Defendant has already done so but its consent or election has not yet been
11 docketed by the Clerk, the undersigned will automatically discharge and vacate this OSC
12 without imposing any sanctions.
13   DATED this 18th day of December, 2008.

Lawrence O. Anderson
United States Magistrate Judge